# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TERRON GAITER | ) | CASE NO. |
| 9743 Woodmill Lane | ) | |
| Cincinnati, Ohio 45231 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| EQUITAS HEALTH, INC. | ) | |
| 2805 Gilbert Avenue | ) | **JURY DEMAND ENDORSED** |
| Cincinnati, Ohio 45206, | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| | ) | |
| Equitas Health, Inc. | ) | |
| c/o Statutory Agent Robert Copeland | ) | |
| 1105 Schrock Road, Suite 400 | ) | |
| Columbus, Ohio 43229, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| JONATHAN WALKER | ) | |
| c/o Equitas Health, Inc. | ) | |
| 1105 Schrock Road, Suite 400 | ) | |
| Columbus, Ohio 43229, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| JUSTIN MOKA | ) | |
| c/o Equitas Health, Inc. | ) | |
| 1105 Schrock Road, Suite 400 | ) | |
| Columbus, Ohio 43229, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| STEPHANIE VANDALL | ) | |
| c/o Equitas Health, Inc. | ) | |
| 1105 Schrock Road, Suite 400 | ) | |
| Columbus, Ohio 43229, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Terron Gaiter, by and through undersigned counsel, as his Complaint against Defendants Equitas Health, Inc. ("Equitas"), Jonathan Walker, Justin Moka, and Stephanie Vandall states and avers the following:

### PARTIES, JURISDICTION, AND VENUE

1. Gaiter is a resident of the City of Cincinnati, County of Hamilton, State of Ohio.

2. At all times herein, Gaiter was acting in the course and scope of his employment.

3. Equitas is a domestic corporation that does business at 2805 Gilbert Avenue, Cincinnati, Ohio 45206.

4. Equitas is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Walker is a resident of the State of Ohio.

6. At all times herein, Walker was acting in the course and scope of his employment.

7. Walker, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Equitas and who acted directly or indirectly in the interest of Equitas in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

8. Moka is a resident of the State of Ohio.

9. At all times herein, Moka was acting in the course and scope of his employment.

10. Moka, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Equitas and who acted directly or indirectly in the interest of Equitas in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

11. Vandall is a resident of the State of Ohio.

12. At all times herein, Vandall was acting in the course and scope of her employment.

13. Vandall, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Equitas and who acted directly or indirectly in the interest of Equitas in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

14. All of the material events alleged in this Complaint occurred in Hamilton County.

15. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Gaiter is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.,* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

16. This Court has supplemental jurisdiction over Gaiter's state law claims pursuant to 28 U.S.C. § 1367 as Gaiter's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

18. Within 300 days of the conduct alleged below, Gaiter filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2023-01289 against Equitas, Walker, Moka, and Vandall ("Gaiter EEOC Charge").

19. On or about August 9, 2023, the EEOC issued a Notice of Right to Sue letter to Gaiter regarding the Gaiter EEOC Charge.

20. Gaiter received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

21. Gaiter has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

22. Gaiter has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**FACTS**

23. Gaiter is a former employee of Equitas.

24. Equitas was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

25. At all times relevant herein, Gaiter was employed by Equitas for at least 12 months and had at least 1,250 hours of service with Equitas and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

26. Gaiter began working for Equitas on or about December 27, 2021.

27. Gaiter worked for Equitas as a Behavioral Health Therapist.

28. Gaiter suffers from major depression disorder, general anxiety disorder, Post-traumatic Stress Disorder (PTSD), and other significant mental and physical health disabilities (Gaiter's "Disabilities").

29. Due to his Disabilities, Gaiter has experienced panic attacks, heart palpitations, nausea, difficulty sleeping, feelings of sadness and nervousness, trouble concentrating, and other symptoms. ("Gaiter's Symptoms")

30. As a result of suffering from his Disabilities, Gaiter is and was considered disabled within the meaning of 42 U.S.C. 126 § 12101 *et seq.*

31. As a result of suffering from his Disabilities, Gaiter is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

32. In the alternative, Defendants perceived Gaiter as being disabled.

33. In the alternative, Defendants perceived that Gaiter's Disabilities constituted a mental impairment.

34. In the alternative, Defendants perceived that Gaiter's Disabilities substantially impaired one or more of his major life activities, including working, sleeping, thinking, focusing, and concentrating.

35. Despite these actual or perceived disabling conditions, Gaiter was still able to perform the essential functions of his job.

36. Beginning in March 2022, Gaiter Gaiter's Symptoms increased due to his Disabilities.

37. Gaiter took days off of work between July 2022 and September 2022 to deal with the issues caused by his Disabilities.

38. Beginning in September 2022, Equitas employees conducted an investigation into Gaiter's employment without notifying Gaiter.

39. Equitas placed Gaiter on a two-week administrative leave when the investigation became known to Gaiter and other employees.

40. Gaiter requested short-term disability due to his Disabilities.

41. Walker and Moka granted Gaiter's short-term disability leave request.

42. Between September 2022 and December 2022, Gaiter went on short-term disability leave.In January 2023, Gaiter was able to return to work.

43. In January 2023, Gaiter applied for intermittent FMLA.

44. In January 2023, Gaiter received approval for intermittent FMLA.

45. In January 2023, Gaiter notified Equitas that he was ready to return to work.

46. Equitas refused to allow Gaiter to return to work until February 2023.

47. Under direction from his doctor, Gaiter informed Equitas about his ability to transition back to work.

48. Gaiter wanted to ensure a successful transition back to work by using FMLA as needed.

49. Gaiter used his intermittent FMLA as needed.

50. In February 2023, Gaiter returned to work.

51. Equitas employees treated Gaiter differently upon his return to work.

52. Equitas employees treated Gaiter in a hostile manner upon his return to work.

53. In April 2023, Gaiter corrected a patient's information on paperwork prior to submission.

54. In April 2023, Gaiter, in an abundance of caution, informed his supervisor about the correction to the patient's information.

55. In April 2023, Gaiter's supervisor filed an incident report.

56. In April 2023, Equitas used the incident report as a basis for claiming Gaiter committed fraud.

57. Gaiter received advice and opinion on the incident from Ohio Counseling, Social Work, Marriage, and Family Therapist Board (Board).

58. The Board determined that no fraud had occurred.

59. Gaiter requested that Equitas remove the write-up.

60. Equitas refused to remove the write-up.

61. On or about April 24, 2023, Equitas terminated Terron's employment.

62. Equitas claimed to terminate Terron's employment for poor performance.

63. Equitas terminated Terron's employment in retaliation for his protected status and protected activities.

64. Jonathan Walker is the Associate Director of Human Resources.

65. Walker is not disabled.

66. Walker did not participate in the decision to hire Gaiter.

67. Justin Moka is the Employees Relations Specialist.

68. Moka is not disabled.

69. Moka did not participate in the decision to hire Gaiter.

70. Stephanie Vandall is the Associate Director of Mental Health and Recovery Services.

71. Vandall is not disabled.

72. Vandall participated in the decision to hire Gaiter.

73. Defendants were aware of Gaiter's Disabilities.

74. Defendants intentionally retaliated against Gaiter due to his Disabilities.

75. Defendants intentionally retaliated against Gaiter due to his FMLA approval.

76. Gaiter told HR his side of the story and complained of the disability discrimination, lack of reasonable accommodations, and retaliation he was experiencing from Equitas employees, specifically Walker, Moka, and Vandall. ("Report Disability Discrimination").

77. In response to Gaiter's Report of Disability Discrimination, Defendants failed to take prompt remedial action.

78. Defendants terminated Gaiter based on Gaiter's Disabilities.

79. Defendants terminated Gaiter in retaliation for Gaiter's use of FMLA leave.

80. Defendants' purported reason for Gaiter's Termination is pretext for disability discrimination.

81. Defendants' purported reason for Gaiter's Termination is pretext for unlawful interference with FMLA leave.

82. Defendants' purported reason for Gaiter's Termination is pretext for retaliating against Gaiter for his disability.

83. Defendants did not proffer a legitimate non-discriminatory reason for terminating Gaiter.

84. Equitas has a progressive disciplinary policy ("Discipline Policy").

85. A verbal warning is the lowest level of discipline in the Discipline Policy.

86. Gaiter did not receive a verbal warning before the Termination.

87. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

88. Gaiter did not receive a written warning before the Termination.

89. A termination is the highest level of discipline in the Discipline Policy.

90. Defendants knowingly skipped progressive disciplinary steps in terminating Gaiter.

91. Defendants knowingly terminated Gaiter's employment.

92. Defendants knowingly took an adverse employment action against Gaiter.

93. Defendants knowingly took an adverse action against Gaiter.

94. Defendants intentionally skipped progressive disciplinary steps in terminating Gaiter.

95. Defendants knew that skipping progressive disciplinary steps in terminating Gaiter would cause Gaiter harm, including economic harm.

96. Defendants knew that terminating Gaiter would cause Gaiter harm, including economic, mental, and physical harm.

97. Defendants terminated Gaiter on or about April 24, 2023.

98. As a direct and proximate result of the Defendants' conduct, Gaiter suffered and will continue to suffer damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

99. Gaiter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. Defendants treated Gaiter differently than other similarly-situated employees based on his disabling condition.

101. Defendants treated Gaiter differently than other similarly-situated employees based on his perceived disabling condition.

102. On or about April 24, 2023, Defendants terminated Gaiter's employment without just cause.

103. Defendants terminated Gaiter's employment based on his disability.

104. Defendants terminated Gaiter's employment based on his perceived disability.

105. Defendants violated the ADA when it discharged Gaiter based on his disability.

106. Defendants violated the ADA when it discharged Gaiter based on his perceived disability.

107. Defendants violated the ADA by discriminating against Gaiter based on his disabling condition.

108. Defendants violated the ADA by discriminating against Gaiter based on his perceived disabling condition.

109. As a direct and proximate result of Defendants' conduct, Gaiter suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

110. Gaiter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

111. Defendants treated Gaiter differently than other similarly-situated employees based on his disabling condition.

112. Defendants treated Gaiter differently than other similarly-situated employees based on his perceived disabling condition.

113. On or about April 24, 2023, Defendants terminated Gaiter's employment without just cause.

114. Defendants terminated Gaiter's employment based on his disability.

115. Defendants terminated Gaiter's employment based on his perceived disability.

116. Defendants violated R.C. § 4112.02 when it discharged Gaiter based on his disability.

117. Defendants violated R.C. § 4112.02 when it discharged Gaiter based on his perceived disability.

118. Defendants violated R.C. § 4112.02 by discriminating against Gaiter based on his disabling condition.

119. Defendants violated R.C. § 4112.02 by discriminating against Gaiter based on his perceived disabling condition.

120. As a direct and proximate result of Defendants' conduct, Gaiter suffered and will continue to suffer damages.

## COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

121. Gaiter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

123. Equitas is a covered employer under FMLA.

124. During his employment, Gaiter qualified for FMLA leave.

125. During his employment, Gaiter received approval of his request FMLA leave.

126. Defendants' act of threatening to review Gaiter's FMLA benefits and usage violated and interfered with Gaiter's FMLA rights.

127. Defendants' act of telling Gaiter that he was abusing his FMLA benefits violated and interfered with Gaiter's FMLA rights.

128. Defendants violated section 825.300(c)(1) of FMLA and interfered with Gaiter's FMLA rights when Defendants did not honor Gaiter's approved use of FMLA leave.

129. As a direct and proximate result of Defendants' conduct, Gaiter is entitled to all damages provided for in 29 U.S.C. § 2617.

## COUNT IV: RETALIATION IN VIOLATION OF FMLA

130. Gaiter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

131. During his employment, Gaiter utilized FMLA leave.

132. While Gaiter used his qualified FMLA leave, Defendants retaliated against him.

133. Defendants retaliated against Gaiter by terminating his employment while on protected leave.

134. Defendants willfully retaliated against Gaiter in violation of 29 U.S.C. § 2615(a).

135. As a direct and proximate result of Equitas's wrongful conduct, Gaiter is entitled to all damages provided for in 29 U.S.C. § 2617.

## COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

### (as against Defendants Walker, Moka, and Vandall)

136. Gaiter restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

137. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

138. Walker, Moka, and Vandall aided, abetted, incited, coerced, and/or compelled Equitas's discriminatory termination of Gaiter.

139. Walker, Moka, and Vandall aided, abetted, incited, coerced, and/or compelled Equitas's discriminatory treatment of Gaiter.

11

140. Walker, Moka, and Vandall violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

141. As a direct and proximate result of Walker, Moka, and Vandall's conduct, Gaiter has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Terron Gaiter respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Equitas to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Gaiter for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Gaiter claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorney for Plaintiff Terron Gaiter*

## JURY DEMAND

Plaintiff Terron Gaiter demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)

*Attorney for Plaintiff Terron Gaiter*